# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11-CR-88 |
| | § | Judge Crone |
| JOHNNY LEE GANDY | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress Evidence (Dkt. #20). Having considered the relevant pleadings, and argument and testimony given at the October 26, 2011 hearing, the Court is of the opinion that Defendant's motion should be denied.

### BACKGROUND

Defendant is charged with Possession with the Intent to Distribute or Dispense more than 500 grams of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1). Defendant seeks to suppress any statements, evidence, or material objects obtained as a result of his arrest and subsequent search and seizure of his vehicle on or about November 16, 2010.

The United States offered the testimony of Officer Michael Young. Officer Young testified that he has been with the Sherman Police Department for ten (10) years on October 1, 2011. Officer Young is a patrol officer with a K-9 unit. On or about November 16, 2010, Officer Young was stationary on northbound Highway 75 in Sherman, Texas, near the Pecan Street exit. Officer Young testified that on this portion of northbound Highway 75 there are four (4) signs that direct thru traffic to merge to the left lane, and noted that many accidents have occurred in this area due to a failure of drivers to merge. Officer Young stated that the signs have flashing yellow lights on them, and that

he has stopped other vehicles for disregarding these traffic signs in the past.

On or about November 16, 2010, at approximately 8:44 p.m., Officer Young stopped Defendant for disregarding these traffic signs. Officer Young testified that Defendant stopped the vehicle within a reasonable time, and as Officer Young approached the vehicle from the passenger side, Defendant opened the passenger side door for him. Officer Young stated that he immediately noticed an overwhelming odor of air fresheners, which immediately indicated to him that Defendant was attempting to cover up the smell of narcotics. In addition, Officer Young noticed that Defendant's hands were shaking and he appeared nervous when he handed Officer Young his driver's license.

Officer Young returned to his vehicle to check Defendant's driver's license and criminal history, and was informed that Defendant's criminal history included a narcotics offense and transportation of illegal aliens. Officer Young testified that Defendant had no outstanding warrants at that time.

Officer Young stated that he returned to Defendant's vehicle and asked Defendant to step out of the car. Officer Young asked Defendant where he was coming from and asked for Defendant's consent to search the car. Officer Young testified that Defendant gave consent to search the front of the car, but when Officer Young asked to search the trunk, Defendant refused. Officer Young stated that Defendant continued to look increasingly nervous.

At that time, Officer Young informed Defendant that his K-9 partner, Dude, would be conducting an open air search of the car. Dude alerted on the trunk area of the car by jumping up on the car, and Officer Young called for a second officer to be present while he searched the vehicle. Sherman Police Officer C. George arrived at the location of the stop at approximately 8:55 p.m.

2

Officer Young testified that his search of the trunk of the car revealed two packages wrapped in a brick-like manner that he believed to be narcotics. The packages later tested positive for cocaine. The search also revealed 41 air fresheners located in the passenger compartment of the car, as well as the trunk. Defendant was arrested based on the results of the search of the vehicle.

**ANALYSIS**

Defendant argues that all evidence and statements made at the time of the search and arrest should be suppressed because (1) there was no lawful reason to stop the vehicle, (2) there was no reasonable suspicion that a crime had been committed at the time Officer Young began questioning Defendant, and (3) Officer Young detained Defendant longer than was reasonably necessary.

The Government asserts that Officer Young's stop of the vehicle was valid based on his observation that Defendant failed to comply with four (4) signs that instructed Defendant to merge left. Further, the Government argues Officer Young had reasonable suspicion to continue his investigation based on his observation of a strong odor of air fresheners inside the vehicle, and Defendant's continued nervousness throughout the stop. Finally, the Government contends that the entire stop lasted approximately eleven (11) minutes, which indicates that the detention was temporary and no longer than reasonably necessary.

The legality of traffic stops are analyzed for Fourth Amendment purposes under the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). "This standard is a two-tiered reasonable suspicion inquiry: (1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Valadez*, 267 F.3d 395, 398 (5th Cir. 2001) (citing *Terry*, 392 U.S. at 19-20). "In addition, 'the investigative methods employed should be the least intrusive means reasonably

3

available to verify or dispel the officer's suspicion in a short period of time.'" *Id*. (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). "However, once an officer's suspicions have been verified or dispelled, the detention must end unless there is additional articulable, reasonable suspicion." *Id*. "'At that point, continuation of the detention is no longer supported by the facts that justified its initiation.'" *Id*. (quoting *United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993)).

In the opinion of the Court, the initial stop of the vehicle was proper. "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *United States v. Stevenson*, 97 F. App'x 468, 469 (5th Cir. 2004) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). Texas Transportation Code, Section 544.004 states:

> The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle unless the person is:
> (1) otherwise directed by a traffic or police officer; or
> (2) operating an authorized emergency vehicle and is subject to exceptions under this subtitle.

An "official traffic-control device" is defined as "a sign, signal, marking, or device that is: (A) consistent with this subtitle; (B) placed or erected by a public body or officer having jurisdiction; and (C) used to regulate, warn, or guide traffic." Tex. Trans. Code § 541.304(1). Officer Young observed Defendant failing to comply with four (4) posted traffic-control devices instructing Defendant to merge into the left lane. Based on his observation of Defendant's violation of posted traffic signs, Officer Young had probable cause to believe a traffic violation occurred.

Officer Young's detention and questioning of Defendant in order to check the driver identification and trip itinerary were also proper. "An officer may examine driver's licenses and vehicle registrations and run computer checks as part of his investigation of the circumstances that originally caused the stop." *United States v. Pack*, 612 F.3d 341, 350 (5th Cir. 2010) (citing *United*

4

*States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004)). "He may also ask about the purpose and itinerary of the occupants' trip as part of this investigation, because we consider these questions to be reasonably related in scope to his investigation of the circumstances that caused the stop." *Id*. "Additionally, we have held that an officer may ask questions on subjects unrelated to the circumstances that caused the stop, so long as these unrelated questions do not extend the duration of the stop." *Id*. (citing *Shabazz*, 993 F.2d at 436-37).

Therefore, the only question remaining is whether or not Officer Young had reasonable suspicion that Defendant was engaged in criminal activity before his routine computer checks were completed. *See Id*. at 352. The Court concludes that Officer Young did have reasonable suspicion before the initial purpose of the traffic stop was complete. The Fifth Circuit recently stated the following:

> [W]e do not find that a detention during a valid traffic stop violates the detainee's Fourth Amendment rights where it exceeds the amount of time needed to investigate the traffic infraction that initially caused the stop, so long as (1) the facts that emerge during the police officer's investigation of the original offense create reasonable suspicion that additional criminal activity warranting additional present investigation is afoot, (2) the length of the entire detention is reasonable in light of the suspicious facts, and (3) the scope of the additional investigation is reasonable in light of the suspicious facts, meaning that it is reasonable to believe that each crime investigated, if established, would likely explain the suspicious facts that gave rise to the reasonable suspicion of criminal activity.

*Pack*, 612 F.3d at 358.

Here, during Officer Young's initial investigation of the traffic offense, facts emerged that created a reasonable suspicion that Defendant was committing a criminal act. When Officer Young initially approached the vehicle, he noticed an overwhelming odor of air fresheners coming from the interior. Officer Young testified that in his experience, this is indicative of a person attempting to

5

mask the smell of narcotics. Further, Officer Young observed Defendant's hands shaking and that Defendant appeared very nervous. Additionally, during the stop Officer Young was informed of Defendant's prior criminal history, including a drug offense. After asking Defendant to step out of the vehicle, due to the behavior described above, Officer Young noted that Defendant appeared to be increasingly nervous. When Officer Young asked Defendant for consent to search his vehicle, Defendant gave consent to search the front of the vehicle. This aroused Officer Young's suspicions that there might be something hidden in the trunk of the vehicle. Officer Young then asked Defendant if he could search the trunk, and Defendant withdrew his consent. At this time, Officer Young informed Defendant that he would be allowing Dude to conduct an open air search of the car. Dude alerted on the trunk area of the vehicle, indicating the presence of drugs. "A drug-sniffing canine alert is sufficient, standing alone, to support probable cause for a search." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (citing *United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995)). Therefore, based upon the totality of these circumstances, the Court holds that it was reasonable for Officer Young to suspect that Defendant was engaging in criminal activity warranting further investigation.

The Court also holds that the length of the detention was reasonable in light of the suspicious facts that Officer Young observed. "The police must diligently pursue a means of investigation that is likely to confirm or dispel their suspicions quickly." *Pack,* 612 F.3d at 361 (citing *U.S. v. Sharpe*, 470 U.S. 675, 685 (1985)). The entirety of the stop lasted approximately ten (10) or eleven (11) minutes, and at all times during the stop, Officer Young was taking measures to either confirm or dispel his suspicions of criminal activity.

Finally, the scope of the investigation that Officer Young conducted during the detention was

reasonable in light of the violations and suspicious facts he observed. The Court is of the opinion that it is reasonable for an officer confronted with the behavior and conduct displayed by Defendant to detain a driver or passenger for a reasonable time to investigate the possibility they are transporting contraband. Officer Young testified that the overwhelming odor of air fresheners, added to the apparent nervous behavior of Defendant, initially alerted his suspicions. Following the computer checks of Defendant, Officer Young's suspicions increased after Defendant's initial consent to search the front of the vehicle only. Throughout his brief investigation, Officer Young merely asked questions of Defendant and conducted an open air search of his vehicle. The scope of Officer Young's search was reasonable under the circumstances.

The facts Officer Young observed during his investigation of the initial traffic offense "created reasonable suspicion that additional criminal activity was afoot, and the length of the entire detention and the scope of his investigation were reasonable in light of the suspicious facts he had observed." *Id*. at 362. Therefore, the Court finds that Defendant's Fourth Amendment rights were not violated and the Court recommends that Defendant's motion to suppress evidence and statements be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Evidence (Dkt. #20) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of October, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE